26  301
55a 571

IRA MINARD, Appellant, *v.* MICHAEL LAWLER, Appellee.

APPEAL FROM KANE.

A judgment debtor may show in the Circuit Court, on an appeal taken from the judgment of a justice of the peace, that he has satisfied such judgment, by responding to garnishee process served on him in favor of the creditors of his judgment creditor.

A defendant, on appeal from a justice's judgment, can present any matter of defense he may have, which did not exist at the rendition of the judgment by the justice. In such case, the Circuit Court should protect the party from surprise. Notice of any particular defense to be presented need not be given.

A written account need not be filed by either party, the whole resting in proof, where the justice had jurisdiction.

On appeal from the judgment of a justice of the peace, the trial being *de novo,* any thing may be proven which shows that the plaintiff has no existing cause of action.

THE facts of this case are stated in the opinion of the court.

W. D. BARRY, for Appellant.

C. B. WELLS, for Appellee.

BREESE, J. The facts in this case are briefly, that Lawler obtained a judgment, before a justice of the peace of Kane county, against Minard, for seventy dollars debt and costs. About the same time, one Bettsworth obtained a judgment before a justice of the peace against Lawler, for fifteen dollars and costs, on which an execution was issued immediately, the proper affidavit having been made. Simultaneously, or nearly so, one Michael Broderick also obtained a judgment against Lawler, on which execution was issued in due form. Both these executions were returned *nulla bona,* whereupon each of the plaintiffs in the executions made the required oath that Minard was indebted to Lawler, and a garnishee process was served upon Minard to appear and answer as to his indebtedness. His answer admitted his indebtedness to Lawler, on the judgment Lawler had obtained against him, which was then in full force, and judgment was entered against him, as such garnishee, in favor of Bettsworth and Broderick respectively, which was fully paid and satisfied by Minard. On the last day for taking an appeal, Lawler appealed from these judgments. Minard took an appeal from the judgment against him on the 14th January, 1860.

On the trial of the case of Lawler against Minard in the Circuit Court, the defendant offered these proceedings in evidence, and claimed the benefit of these payments to reduce the demand of Lawler to the extent of the moneys thus paid; but the court ruled out all these proceedings, and denied the right of Minard to set them off, or claim any benefit from them; and the only question is, was this ruling correct?

It seems to the court that the proceedings on the garnishee process were in strict conformity with the law on that subject. Our statute provides, " Whenever a judgment shall be rendered by any court of record, or any justice of the peace, in this

State, and an execution against the defendant, or defendants, in said judgment, shall be returned by the proper officer, "no property found," on the affidavit of the plaintiff, or other credible person, being made before the clerk of said court, or justice of the peace, that said defendant, or defendants, have no property, within the knowledge of such affiant, in his or their possession liable to execution, and that such affiant hath just reason to believe that another person or persons is or are indebted to such defendant, or defendants, or hath or have any effects or estate of such defendant in his or their hands, it shall be lawful for said court, or justice of the peace, to cause the person or persons supposed to be indebted to, or supposed to have any of the effects or estate of the said defendant, or defendants, to be summoned forthwith to appear before said court, or justice, as a garnishee, or garnishees; and said court, or justice of the peace, shall examine and proceed against such garnishee, or garnishees, in the same manner as required by law against garnishees in original attachments." (Scates' Comp. 549.)

These judgments of Broderick and Bettsworth against Lawler were legally obtained, the executions were legally issued, the proper affidavits having been made, the return of "no property found," and the summons to Minard as a debtor to Lawler, all occurring before any appeal had been taken by Minard from the judgment, and while it was in full force and unsatisfied, makes a clear *prima facie* case. What defense could Minard make to the garnishee proof? He was the debtor of Lawler by judgment regularly obtained and in full force, and he was bound to state his indebtedness as it actually existed when served with the summons in garnishment. The proceedings being all regular, for this was not questioned in the Circuit Court, why should not Minard be entitled to the payment of these judgments, rendered *in invitum* against him, to reduce the claim of Lawler? The case in the Circuit Court was taken up, and proceeded in, as an entirely new case, as being tried for the first time, and we have always understood the law to be, that a defendant on appeal in the Circuit Court, can present any matters of defense he may have, which did not exist when the judgment was rendered by the justice of the peace, like as under a plea of *puis darrein continuance*. The opposite party should have notice of such defense in some way to avoid surprise, which the court trying the cause can always prescribe and regulate.

We understand these proceedings were ruled out, for the reason that no notice was given the defendant that such a defense would be made. What are we to understand by this? Are we to understand that the appellant, on taking an appeal, must give the appellee a formal written or verbal notice, that

he will make a certain defense, and set up this, that or the other claim against him? This is not the practice, and should not be. But little formality is observed in proceedings of this nature; one great object of the law being to relieve them therefrom. We have no statute requiring parties, in such cases, to file even a written account. It was designed that parties might manage their own cases, both before the justice and in the Circuit Court, and nothing can be found in the law to prohibit a party, who cannot write and keep accounts, from presenting his claim on a tally-stick. He must support it by proof, however, in whatever shape it may exist. Proof is the essential material, jurisdiction being conceded. So with the defendant, he may not appear, to litigate before the justice. On appeal, the case being taken up in the Circuit Court as a new case unaffected by the proceedings before the justice, there would be a denial of justice if the defendant could not be permitted to make his defense in the Circuit Court. Reasonable terms, to avoid surprise to the opposite party, will of course be prescribed by the Circuit Court; but it cannot deprive the party of his defense.

A case on appeal in the Circuit Court, when there are no pleadings in writing, may be likened to an action of general indebitatus assumpsit, with the plea of non-assumpsit filed. This being the general issue, anything may be given in evidence under it, which goes to show that the plaintiff has no subsisting cause of action. Chitty says, under the general issue any matter which showed that the plaintiff never had a cause of action might be given in evidence; and also that under that plea, most matters even in discharge of the action, and which showed that at the time of the commencement of the suit, the plaintiff had no subsisting cause of action, might be taken advantage of. 1 Ch. Pl. (10th Am. Ed.) 478.

Sir J. Mansfield, in *Brennan* v. *Egan*, 4 Taunton, 163, observed, That it is an extraordinary thing that *nil debit* expresses the sense of the general issue in assumpsit much better than *non-assumpsit*. For upon *non-assumpsit* may be given in evidence a release, or payment, or anything which shows there was no cause of action at the time of the action brought; although the form of the issue is, that the defendant did not undertake, whereas the truth may be that he has undertaken and has performed.

In *Craig* v. *The State of Missouri*, 4 Peters, 426, the Supreme Court of the United States held, that under the plea of non-assumpsit, the defendants were at liberty to question the validity of the consideration which was the foundation of the contract, and the constitutionality of the law in which it originated. And they say, everything which disaffirms the contract,

everything which shows it to be void, may be given in evidence on the general issue in an action of assumpsit. This is the settled rule of this court.

As to the fact of want of knowledge on the part of the plaintiff, that such a defense would be made, the record shows that he had ample notice of all these proceedings on garnishment against Minard. Justice McWayne informed him of all the proceedings before he took an appeal. He could not but know, and understand, that Minard would claim the benefit of these payments to Broderick and Bettsworth. They were, in legal contemplation, direct payments to Lawler, as made under a judgment of a court of competent jurisdiction. From these judgments against him, as the debtor of Lawler, Minard was not bound to appeal. He had the right to submit to them, and discharge them, and in equity and justice, and strict law, waive payment of his indebtedness to Lawler. It would be great injustice to require Minard, who has been compelled by one judicial proceeding, which he could not avoid, to pay a large sum of money, for the benefit of Lawler, and then permit Lawler again to recover the same amount by another judicial proceeding. We think the court erred in rejecting the evidence offered by Minard, of these proceedings in garnishment against him, and the payment of the money thereon. They being offered as payment, no notice of such a defense could be required on the trial of an appeal. At any rate, if not payment, Minard had a right to claim the payments as a set-off, and a verbal statement of his claim was sufficient. It was not in the nature of a dilatory plea, which must be pleaded at the earliest moment, but a defense on the merits.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed.*