SMITH D. HINMAN, Plaintiff in Error, *v.* THOMAS L. RUSHMORE *et al.*, Defendants in Error.

### ERROR TO SUPERIOR COURT OF CHICAGO.

Actions in attachment must be commenced where the defendant has property, or where he can be found, and service must be upon him or his property. The court does not acquire jurisdiction by issuing two writs, one of which is to another county than that where the process is returnable, although there may be property to attach in such other county.

THIS suit was brought by the defendants in error against the plaintiff in error, under the attachment act of Illinois, the plaintiff in error being a non-resident.

On filing the affidavit and bond required by the statute, in the clerk's office of the Superior Court of Chicago, a writ of attachment was issued to the sheriff of Cook county; and on the same day, on the application of the plaintiffs below, another writ of attachment was issued to the sheriff of Livingston county. The former writ was returned without being executed; the other was returned levied on real estate of plaintiff in error.

After proof of publication of the notice required by the statute, default was entered for want of appearance and plea, and judgment rendered for the amount proven to be due. Afterwards, on the suggestion of counsel for the defendant, that the court had no jurisdiction in the case, by reason of the failure to execute the writ issued to the sheriff of Cook county, the judgment was set aside, with leave to the plaintiffs to file special motion to vacate such order and reinstate the judgment.

Such special motion was filed; and on the hearing thereof by the court in banc, the order setting aside the judgment was vacated, and the judgment restored.

The plaintiff in error thereupon removed the cause to the Supreme Court, alleging for sole cause of error, that the court below had not acquired jurisdiction in the case. It is understood that this is the only question arising in the cause; it being expressly stipulated that the proof was sufficient to authorize the judgment, provided the court had jurisdiction to render the same.

HURD, BOOTH & POTTER, for Plaintiff in Error.

H. T. STEELE, for Defendants in Error.

CATON, C. J. This is a manifest attempt to pervert what is supposed to be a literal expression of the statute, to purposes never designed by the legislature. For the purpose of giving jurisdiction to the court in Cook county, where the defendant had no property, the party issues a writ of attachment to that county, and also to another county at the same time, where the defendant had property. The first, of course, is returned not served; the last is returned served by the attachment of property of the defendant. It is a rule of law, in order to give the court jurisdiction in an attachment case, there must be service on the defendant or his property, and the action must be commenced where the defendant has property or where he can be found. The thirty-first section of the act was never designed to enable the court to acquire jurisdiction, but it was designed in aid of another writ where the court has jurisdiction by virtue of the service of the other writ. This is a palpable perversion of the statute and of the writ.

The judgment is reversed.

*Judgment reversed.*