HERNANDO A. FULLER, AND ANDREW DE GRAFF,

*v.*

JOSEPH E. LANGFORD, AND GRICE W. THURLBY.

SAME

*v.*

SAMUEL H. McPHERRAN, AND ANDREW McPHERRAN.

SAME

*v.*

WILLIAM IRVIN.

1. ATTACHMENT *issued to foreign county—jurisdiction.* Where a writ of attachment is sued out to a foreign county, and there levied upon property of the defendant, the court will acquire no jurisdiction, unless an attachment shall also be issued to the sheriff of the county in which the suit is instituted, and there levied upon property of the defendant, or served personally upon him.

WRITS OF ERROR to the Circuit Court of Stephenson county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

The records in these three causes all present precisely the same state of facts. In each case the suit was commenced

by a writ of foreign attachment, sued out of the Circuit Court of Stephenson county, at the suit of the defendants in error, respectively, against Hernando A. Fuller and Andrew De Graff, the plaintiffs in error, and directed to the sheriff of Livingston county, who levied the same upon real estate in that county, the property of Fuller, but no personal service was had upon either of the defendants in the writ.

Subsequently, on the motion of the plaintiffs below, the writ was so amended as to be directed to the sheriffs of Stephenson and Livingston counties respectively, and the sheriff of Stephenson county then indorsed upon the amended writ a return of no property found, and no service upon the defendants.

Afterwards, at the instance of the plaintiffs, an *alias* writ of attachment issued, directed to the sheriff of Stephenson county to execute, who entered his return thereon, no property found, and without personal service on the defendants, they not being in his county. No other writ was issued, nor was any appearance entered by the defendants.

Publication of notice being shown, a default was entered, and a jury empanelled to assess the plaintiff's damages. The assessment was returned, and the defendants moved to arrest the judgment, because no writ issued to the county of Stephenson, and because the writs which were issued were void. This motion was overruled, and exception taken. The court rendered a judgment according to the assessment of the jury, and awarded a special execution to sell the property attached.

The defendants below thereupon sued out a writ of error in each case, and insist that the Circuit Court had no jurisdiction.

F. C. Ingalls, Esq., for the plaintiffs in error.

There was no personal service on the defendants, and no service by levy on property in the county where the suit was

commenced. The only service of any writ in the cause was the levy on the land of H. A. Fuller, in Livingston county. The court had no jurisdiction. *Hinman* v. *Rushmore*, 27 Ill. 509.

Mr. CHIEF JUSTICE CATON delivered the opinion of the Court.

Here a writ of foreign attachment was issued out of the Circuit Court of Stephenson county, directed to the sheriff of Livingston county, who levied it upon property of the defendants. No property was found in Stephenson county, and, in fact, no writ was issued to that county, at least till after a motion was made to quash the writ. We decided in *Hinman* v. *Rushmore*, 27 Ill. 509, that, without a service in the county whence the writ issued, the court acquired no jurisdiction. The motions to quash should have been sustained.

The judgments must be reversed.

*Judgments reversed.*