RUFUS HAYWOOD, impl'd, &c.

*v.*

WILLIAM E. McCRORY.

1. AFFIDAVIT FOR ATTACHMENT — *its requisites.* An affidavit for an attachment, stated that the defendants were indebted to the plaintiff in a sum named, for which they had given their note. This was held to be a sufficient description of the nature of the indebtedness. The statute does not require the nature of the indebtedness to be described with any degree of particularity.

2. JURISDICTION — *sending attachment to foreign county.* Before writs of attachment can be issued to counties, other than that wherein the suit is brought, the suit must be commenced in a proper county; and levy upon property or service must be made upon one or more of the defendants in such county, or no jurisdiction will be acquired.

3. Suit was brought against two defendants, Bane and Haywood, in Coles county. A summons was issued against Bane, and served upon him in that county.

Writs of attachment were issued against Haywood, to the counties of Coles, Knox and Cook. No property was attached upon the writ issued to Coles county, nor was there any personal service upon Haywood. Property was levied upon under the writs issued to Knox and Cook counties. *Held*, the Circuit Court of Coles county acquired jurisdiction by means of the residence of, and service of process upon, Bane, in that county.

4. NOTICE IN ATTACHMENT SUIT — *certificate thereof.* In suits by attachment, where there is no personal service upon the defendant, in order to sustain a judgment, the record must show affirmatively that the prerequisite of the statute in regard to notice by publication, was complied with.

5. So a certificate of publication of such notice must purport to be made by the printer or publisher of the newspaper in which, the publication was made.

6. The certificate should also state the date of the last paper containing the notice.

WRIT OF ERROR to the Circuit Court of Coles county; the Hon. JUSTIN HARLAN, Judge, presiding.

This was an action of assumpsit commenced in the Circuit Court of Coles county, on the 3d day of May, 1860, by William E. McCrory against Rufus Haywood and William C. Bane.

On the day mentioned, the plaintiff filed his affidavit, setting forth "that said William C. Bane and Rufus Haywood are justly indebted to him, the said William E. McCrory, as cashier of the Farmers' and Traders' Bank, in the full sum of forty-five hundred dollars, for which they have given him their promissory note, payable in New York, exchange, etc., and signed Bane & Haywood." The affidavit then states that Haywood is a non-resident, and prays for a writ of attachment against him, and for a writ of summons against Bane.

An attachment bond was filed, and thereupon, on the same day, a writ of attachment was issued, commanding the sheriff of Coles county to attach the property of Haywood, and further commanding him to summon Bane.

Writs of attachment were also sued out against Haywood, to the counties of Knox and Cook.

No property was levied upon under the writ which was issued to Coles county, in which the suit was brought, and the writ was returned served upon Bane, and not found, as to Haywood.

Property was levied upon under both the writs issued to the

counties of Knox and Cook. A declaration was filed ; and also a notice of the pendency of the suit, &c., to which was appended this certificate of publication :

" We hereby certify that the above notice has been published in the Courier, a weekly newspaper, published in Coles county, Ill., six successive weeks, commencing on the 1st day of August, 1860.

Oct. 1, 1860. W. HARR & SON."

The defendants not appearing, a default was taken against them, and final judgment entered for $4,635, damages, and costs of suit, and an award of a general execution against Bane, and a special execution against Haywood.

To reverse that judgment Haywood sued out this writ of error, and he now alleges :

*First,* That the affidavit for the attachment against him was insufficient, in not describing the *nature* of the indebtedness.

*Second,* That the Circuit Court of Coles county had no jurisdiction over the property attached in the counties of Knox and Cook.

*Third,* That the certificate of publication of notice was insufficient.

Mr. J. I. BENNETT, for the plaintiff in error.

1. The affidavit in this case does not comply with the statute in stating sufficiently distinct the "*nature*" of the indebtedness. 1 Purp. Stat. 96, § 1.

2. The 31st section of the attachment act does not contemplate the commencement of a foreign attachment, in a county where the defendant has no property, and the issuance of attachments to foreign counties without there *first* having been an attachment issued and levied in the county where suit was so commenced, and such proceedings, being without the authority of law, are void. *Hinman* v. *Rushmore et al.*, 27 Ill. 509, 510 ; 1 Purp. Stat. 103, § 31. This statute must be strictly construed. *Rowley* v. *Berrian*, 12 Ill. 202 ; *Cariker* v. *Anderson*, 27 id. 359.

3. In the case of a foreign attachment, where there is no personal service upon the defendant, the record must show affirmatively, in a direct proceeding in the same cause, that there *was* legal service by publication, in pursuance of law, and if the record does not so show, a judgment rendered would be erroneous. *Varien et al.* v. *Edmonson*, 5 Gilm. 272; *Rowley* v. *Berrian*, 12 Ill. 202; *Cariker* v. *Anderson*, 27 id. 361.

These authorities are not in conflict with the decisions of this court in 15th and 27th Ill., where the question was considered in a *collateral* proceeding.

Mr. J. SCHOLFIELD and Messrs. FICKLIN & MOORE, for the defendant in error.

1. The affidavit, though carelessly drawn, is sufficient under the statute. Scates' Comp. 228, § 1; Drake on Attachments, § 113.

2. In this case Haywood and Bane were jointly indebted. Haywood was a non-resident, but Bane resided in Coles county, where the suit was brought. The suit was commenced under section six of the attachment act (Scates' Comp. 229); and the residence of Bane gave the court jurisdiction of the case. Scates' Comp. 241, § 2.

3. The record shows affirmatively that there was lawful notice of the pendency of the suit. It is true that the judgment does not recite that it was produced or proved in court; but the notice itself, properly certified, appears as a part of the record, and from it the court will determine its sufficiency. *Pierce* v. *Carlton et al.*, 12 Ill. 364.

Mr. JUSTICE BECKWITH delivered the opinion of the Court:

This was a suit *in personam* against William C. Bane, and by attachment against Rufus Haywood, the plaintiff in error. The affidavit upon which process issued, stated that the defendants below were indebted to the plaintiff below, in the sum of forty-five hundred dollars, for which they had given their note; and that the plaintiff in error was not a resident of the State.

It is assigned for error, that the affidavit does not sufficiently describe the nature of the indebtedness.

The statute does not require the nature of the indebtedness to be described with any degree of particularity. The affidavit states the nature and amount of the indebtedness; and that is all that the law requires to be stated in regard to it. A summons to Bane was issued to the sheriff of the county where the suit was brought, and was duly served. Writs of attachment against the plaintiff in error were issued to the counties of Coles, Knox and Cook. No property was attached upon the writ issued to Coles county, and the sheriff returned the same *non est inventus* as to plaintiff in error. Property was levied upon under the writs issued to Knox and Cook counties. The Circuit Court of Coles county acquired jurisdiction by means of the residence of, and service of process upon Bane, in that county.

So long as he remained in that county he was not liable to be sued in any other county in the State. The present suit could not have been brought in either Knox or Cook county. Proceedings against Haywood in either of them, would have been irregular, without obtaining jurisdiction as to Bane. Before writs of attachment can be issued to counties, other than that wherein the suit is brought, the suit must be commenced in a proper county. Levy upon property or service must be made upon one or more of the defendants in such county, or no jurisdiction will be acquired. *Fuller* v. *Langford*, 31 Ill. 248; *Hinman* v. *Rushmore*, 27 Ill. 509.

This suit having been properly commenced in Coles county, writs of attachment against the plaintiff in error were properly issued to other counties in the State. The commencement of the suit was the issuing of the summons for Bane, and a proper affidavit and bond having been filed, the writs of attachment against Haywood were properly issued, on the same day that the summons was issued. The record of the judgment fails to show that notice was given of the pendency of the suit as is required by the statute; and the certificate of publication on file is not such an one as the statute requires. It does not purport to be made by the printer or publisher of any newspaper;

nor does it state the date of the last paper containing the notice, a copy of which is appended to the certificate. In suits by attachment where there is no personal service upon the defendant, in order to sustain a judgment the record must show affirmatively that the prerequisite of the statute in regard to notice by publication was complied with. As the record in this respect is defective, the judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*