## SAMUEL H. HOUSE
### *v.*
## CANFIELD S. HAMILTON.

1. ATTACHMENT—*levy, where to be made.* Under the statute, the officer having a writ of attachment to execute, may, if the defendant is in the act of removing his property, pursue it and make a levy in any county in this State. But, where the defendant had, several days before the suing out of the writ, removed his property to another county, and he swears that he was not removing his property, proof that he has been negotiating to form a partnership in Missouri will not create a presumption that he was removing it, and a levy made in that county, on a writ from the county from which the property has been removed, by the sheriff of that county, will not be sustained.

2. SAME—*jurisdiction.* To acquire jurisdiction by the court issuing the writ, there must be service on the defendant or a levy on property in the county from which the writ issues, unless the defendant is in the act of removing his property, when the officer may pursue it and levy in another county. But, where the writ is issued to the sheriff of one county, and he goes into another and levies on property which is not being removed, the levy is unauthorized and the court fails to acquire jurisdiction.

3. LEVY—*motion to quash.* Where such a levy has been made, the defendant may have it set aside on a motion to quash the levy. Such a motion presents the question whether the officer might execute his writ on property permanently located in a different county from that in which the writ was issued, or whether a writ may be issued in one county and executed in another because the defendant may have intended to remove it from the latter county. A plea in abatement, denying the affidavit would alone put in issue the question of intention of removal, and not of the jurisdiction of the court.

WRIT OF ERROR to the Circuit Court of the county of Hancock; the Hon. JOSEPH SIBLEY, Judge, presiding.

This was a suit brought by Canfield S. Hamilton, by attachment, in the Hancock Circuit Court, against Samuel H. House.

A writ was issued to the sheriff of that county, who went to the county of Knox, where he levied upon property of the

defendant, which he had taken there several days previous. Defendant, at the next term of the court, entered a motion to quash the levy, and, in support of his motion, filed his own affidavit, stating that the property had been in Knox county twelve days; that he was not in the act of removing his property at the time or after the issuing of the writ, nor was he about to depart from the State, to the injury of his creditors. Other affidavits of the same purport, as to the status of the property, were also filed.

Plaintiff, on the hearing of the motion, introduced evidence, that defendant had, some time previous to suing out the writ, proposed to go with one person to Missouri and commence the livery business, but was to again return to Carthage before they left. He had prepared to and agreed to form such a partnership with another person, and was to meet him at Carthage or Quincy, when they were ready to go to Macon, Missouri, to carry out the agreement.

The court overruled the motion and defendant excepted. A trial was subsequently had, resulting in a judgment in favor of plaintiff. Defendant prosecutes this writ, and asks a reversal, because the court below refused to quash and set aside the levy.

Messrs. SKINNER & MANIER, for the plaintiff in error.

Mr. GEORGE EDMONDS, JR., for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This record presents the question, whether a sheriff, to whom a writ of attachment is directed, may go into another county and levy upon property of the defendant in attachment. The third section of the attachment act (R. S. 64) declares, that the officer to whom the writ is directed shall execute it without delay, and if the defendant, or any person for him, shall be in the act of removing any personal property, the officer having the writ is authorized to pursue and take the same in any county in the State, and return it to the county from which

the writ issued.   This, then, presents the question whether the defendant in this case was in the act of removing the property seized under the writ at the time the levy was made.   The evidence shows that the levy was made on the 4th day of November, 1865, and that the property had been in the county of Knox from the 30th day of the previous October, and, perhaps, some eight days longer.   Defendant below swears, in the affidavit which he filed in support of his motion to quash the levy, that he was not in the act of removing the same, at the time, or after, the suing out of the writ.

On the other side it was proved, that defendant in attachment had agreed with two different persons to go into the livery business in Missouri; but no time was fixed for leaving, and he was to return to Carthage before he left.   With one of them he agreed to return to Carthage, or meet him at Quincy, when he was ready to go to Missouri, but the time was not fixed.   We are clearly of the opinion, that this evidence does not show that plaintiff in error was in the act of removing his property either from the county of Hancock, or from the State. It was in another county, and had been for a number of days, and he denies that he was removing it, nor is there any evidence that he was.   The statute evidently contemplates a removal from the county at the time or after the writ is issued, or so recently before that it has not acquired another status, and precluding the belief that the defendant removed it in good faith.

In the case of *Hinman* v. *Rushmore*, 27 Ill. 509, it was held by the court that an attachment must be brought in the county in which the defendant has property, or where he can be served with process, and that there must be service upon him or his property in the county where the suit is commenced, or the court will not acquire jurisdiction of the case; that service upon one or the other in the county to which the writ is returnable, is essential to the jurisdiction of the court.   And, in the case of *Fuller* v. *Langford*, 31 Ill. 248, the same rule was announced.   So that in this case the court had no jurisdiction, as the property was levied upon in Knox county, and before

plaintiff in error was served with process, there being neither a levy nor service in Hancock county, where the writ was returnable before this levy was made. The evidence failing to show that plaintiff in error was in the act of removing his property, and without a levy made or service on the defendant in attachment in Hancock county before the levy, the court failed to obtain jurisdiction for the purposes of the attachment, by the levy; and the court below should have quashed the levy and discharged the property from the attachment.

It is, however, insisted, that the only means by which the defendant could present this question, was by plea in abatement. If such a plea had been filed under the eighth section, it would only have put in issue the averments in the affidavit as to his intention to remove the property, or that he was removing it from Knox county, and not the power of the sheriff to go into another county with his writ and levy upon property he might there find, and not being removed from his county. It would not have presented the question raised by this motion. It could only be presented as it was in this case.

The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*