## THOMAS LORD ET AL.

### v.

## GEORGE BABEL ET AL.

1. ATTACHMENT—JURISDICTION.—Jurisdiction can alone be acquired, in attachment proceedings, in the absence of personal service or voluntary appearance in the county where the suit is brought, by the finding in that county of property rights or credits of the defendant.

2. ATTACHMENT—PLEA IN ABATEMENT.—In attachment proceedings against a defendant not residing in Cook county, where supposed creditors of the defendant debtor, who reside in Cook county. are served with garnishment process, jurisdiction of the trial court depends upon whether the garnishees, or any of them, have effects, choses in action, or credits, in their possession or power, belonging to the defendant, and a plea in abatement to the jurisdiction of the court by the defendant in person setting up the facts of his non-residence, service in foreign county, etc., without averring that there were no property rights, credits or choses in action in the possession or power of the garnishees who had been served in Cook county, is bad, and a demurrer to such plea should be sustained,

APPEAL from the Superior Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding. Opinion filed May 29, 1885.

The appellants, Lord & Co., being creditors of George Babel, sued out of the Superior Court of Cook county, October 25, 1883, an attachment against the latter, directed to the sheriff of that county. Babel was not found, but one F. E. Pettit was summoned as garnishee, and return made accordingly. Thereupon Lord & Co. caused another writ of attachment to be issued against said Babel as defendant, and one Adam Babel as garnishee, directed to the sheriff of Kankakee county, which was returned Oct. 27, 1883, by said sheriff, as served upon both defendant and garnishee. November 15,

1883, the plaintiffs in attachment filed written interrogatories in the cause, addressed to said Pettit and Adam Babel, respectively. Pettit answered, admitting that he had funds in his hands which were derived from property sent him by said Adam Babel to sell on commission, but neither admitted nor denied that said funds belonged to the defendant, George Babel. But Adam Babel, in his answer, claimed that said funds belonged exclusively to him, and that said George had no interest therein. The plaintiffs, by replication, took issue upon the point whether said funds belonged to George Babel or Adam, they averring that they belonged, in fact, to the former.

November 21, 1883, George Babel, in person, filed a plea which, after the proper title and commencement, averred that before and at the time of the commencement of said action, he, the said George Babel, was, and from thence hitherto has been and still is, residing in the county of Kankakee, in the State of Illinois, and not in the said county of Cook; and that he, said George Babel, was not found and served with process in the said action in said county of Cook, but was found and served with process in the said action in t'.e said county of Kankakee, and this he was ready to verify; wherefore he prayed judgment if the court here would take cognizance of the action aforesaid.

The plea contained no averment that there were no property rights or credits belonging to the defendant in the hands of Pettit, the garnishee. To this plea the plaintiffs filed a demurrer, and afterward, Dec. 12, 1884, there having been no trial of the said issue, upon the answers of the garnishees, Pettit and Adam Babel, the court below overruled the said demurrer, and thereupon rendered judgment against the plaintiffs and for costs, and they prosecute this appeal.

Mr. John H. Hamline, for appellants.

Messrs. Gary, Cody & Gary, for garnishee; cited Pierce v. Carleton, 12 Ill. 363; R. S., Ch. 62, § 10.

McAllister, J. The court below sustained the plea in abatement interposed by the defendant in the attachment, by

overruling the plaintiffs' demurrer thereto and turning the latter out of court, as a consequence, before they had opportunity to try the issue upon the point as to the actual ownership of assets in the hands of Pettit, a garnishee summoned in the county of Cook, that being the county in which the suit was brought.

It seems to us entirely clear, that under the provisions of section thirteen of the Attachment Act the court could not be properly ousted of jurisdiction because of the issuance of an attachment to Kankakee county and personal service upon the defendant there, if there were property rights or credits in the hands of Pettit which actually belonged to the defendant. That section reads: "The creditor may, at the same time, or at any time before judgment, cause an attachment writ to be issued to any other county in the State, where the debtor may have property liable to be attached, which shall be levied as other attachment writs: Provided, that if no property rights or credits of the debtor are found in the county in which suit is brought, and no defendant is served with summons or makes appearance, the creditor shall not be entitled to judgment."

Section thirty-one of the Attachment Act in the Revised Statutes of 1845 contained a similar provision as to the issuing writs to other counties. But in Hinman v. Rushmore, 27 Ill 509, the court held that it was never designed by that section to enable the court to acquire jurisdiction by virtue of service of such other writs. We think the same may be properly said of section thirteen of the present act. Jurisdiction can alone be acquired in the absence of personal service or voluntary appearance, in the county where the suit is brought, by the finding in that county of property rights or credits of the defendant. Plato v. Turrill, 18 Ill. 273; Fuller v. Langford, 31 Ill. 248; Haywood v. McCrory, 33 Ill. 459; Clymore v. Williams, 77 Ill. 618. In the latter case the court said: "It is indispensable, to give the court jurisdiction in attachment proceedings where there is no personal service, that it should appear that the writ was either levied upon property or served upon garnishees having effects, choses in

action, or credits in their possession, or power, belonging to the defendant. Neither appears in the present case. No proceedings having been had against the garnishees, it can not be known whether they had effects, etc., in their possession or power, belonging to the defendant." In the case at bar, a garnishee was summoned in the county of the suit, proceedings were had against him, resulting in his admitting effects in his possession which belonged either to Adam Babel or the defendant, George Babel; and an issue whether they belonged to the latter was regularly formed. If that issue had been determined in favor of the plaintiffs below, then the court had jurisdiction; if against them, it had not. The plea in this case must be regarded as a plea to the jurisdiction, and is unlike those in the class of cases where in ordinary suits at law the defendant is sued in a county where he does not reside or is not found, and to be good the plea should, by proper averments, have negatived all the facts upon which jurisdiction might depend. But it tendered no issue upon the question whether the property or effects in the hands of Pettit, the garnishee, belonged to the defendant or not. So that, by sustaining that plea by overruling the demurrer to it, the plaintiffs were turned out of court without an opportunity to try the issue upon that point made upon the answers of the garnishees, when, for aught we know, they might have been able to establish it in their favor by evidence. Such a result must necessarily be wrong; and for that error the judgment should be reversed and the cause remanded.

Reversed and remanded.