## Christian Knebelkamp v. George W. Fogg.

1. ABATEMENT—*Attachment—Service on Garnishee in Foreign County.* —In proceedings by attachment in the Circuit Court of Adams County, two writs of attachment were issued, one directed to the sheriff of that county, and the other to the sheriff of St. Clair county. One

# 564    APPELLATE COURTS OF ILLINOIS.

writ was returned by the sheriff of Adams, served by reading to B., the defendant, and the other by the sheriff of St. Clair county, by reading to K. as garnishee, who was named for such service in the writ. K. filed a plea in abatement averring that he lived and was seryed in St. Clair county and therefore the Circuit Court of Adams County had no jurisdiction. A demurrer was properly sustained to the plea.

2. ATTACHMENTS—*Meaning of the Word "Property" in the Act.*— It is fair to construe the term " property," as used in section 13 of chapter 11, R. S., entitled " Attachments," in its general and enlarged sense, and as designed to include all manner of property which may be reached in attachment proceedings.

3. SAME—*Mode of Executing the Writ—Garnishees.*—Under the statute (Chap. 11, R. S.,) providing that the officer shall execute the writ of attachment upon the lands. tenements, goods, chattels, rights, credits, moneys and effects of the debtor, the appropriate mode of executing the writ depends upon the character of the property and its situation. When any person is indebted to the defendant or has any property, effects,choses in action or credits in his possession or power belonging to the defendant, the writ is executed by serving it upon such person as garnishee.

4. The term " property" as used in section 13 of chapter 11, R. S., entitled " Attachments," is not intended to signify any particular kind of property, such as lands or chattels or property in any special condition as to possession. Under this section a writ of attachment may go to another county for the purpose of reaching, as a garnishee, any person who may be indebted to the defendant, as well as one who may have property, effects, choses in action or credits in his possession belonging to the defendant.

5. SUITS—*Where Brought Under the Practice Act.*—Section 2 of the Practice Act (Chapter 110, R. S.), providing that where there is more than one defendant the suit must be commenced in a county in which some one or more of them reside, is not applicable to attachment proceedings.

6. GARNISHMENT PROCEEDINGS—*Applies to Judgment Debtors in Federal Courts.*—A person against whom a judgment has been rendered in a Federal court is subject to be garnished in a State court, as being indebted to the plaintiff in the judgment in the Federal court.

**Memorandum.**—Attachment and garnishee proceeding. In the Circuit Court of Adams County; the Hon. OSCAR P. BONNEY, Judge, presiding. Answer of garnishee traversed; trial by jury; verdict and judgment for plaintiff; appeal by garnishee. Heard in this court at the May term, 1894, and affirmed. Opinion filed November 30, 1894.

APPELLANT'S BRIEF, CHARLES P. KNISPEL, ATTORNEY.

Appellant contended that where there is more than one defendant, the suit must be commenced in a county in which some one resides. Hamilton v. Dewig, 22 Ill. 490;

Sample v. Anderson, 4 Gilm. 546; Haddock v. Waterman, 11 Ill. 474; Linton v. Anglin, 12 Ill. 384.

Debts in suit are liable to garnishment if process issue from within the jurisdiction in which the suit is pending, but not otherwise, because the allowance of process might permit one tribunal to interfere with the proceedings of another. This view has been adopted where a debt in a suit in a Federal court has been sought to be reached by process from a State court. Wallace v. McConnell, 13 Pet. (U. S.) 136; Wood v. Lake, 13 Wis. 84; Greenwood v. Rector, Hempst. (U. S.) 708; Freeman v. Howe, 24 How. 450; Steere v. Hoagland, 39 Ill. 264; Tarbell v. Griggs, 3 Paige (N. Y.) 207; American Bank v. Rollins, 99 Mass. 313; Whipple v. Robbins, 97 Mass. 107; Custer v. White, 49 Mich. 232; Noyes v. Foster, 48 Mich. 273.

In any case where the suit shall have reached such a point that the garnishment may not be pleaded, and a stay of proceedings asked, such debt is no longer subject to garnishment. Kidd v. Shepard, 4 Mass. 238; Thayer v. Pratt, 47 N. H. 472; Wadsworth v. Clark, 14 Vt. 139; Thorndike v. DeWolf, 6 Pick. (Mass.) 120; Trombly v. Clark, 13 Vt. 118; Despain v. Crow, 14 Oreg. 404; Shinn v. Zimmerman, 3 Zab. (N. J.) 150.

Appellee's Brief, George W. Fogg, Attorney pro se.

In his brief and argument, appellee contends upon the following points:

(1.) Can two or more writs issue at the same time, in the same suit, and to different counties, in an attachment proceeding, where the defendant is found and served in the county where the suit was begun?

The statute, Chap. 11, par. 13, expressly so provides, and the following cases so affirm: Lord v. Babel, 16 Ill. App. 434; Morris v. School Trustees, 15 Ill. 266; Lawver v. Laughans, 85 Ill. 138; Fuller v. Langford, 31 Ill. 248; Haywood v. McCrory, 33 Ill. 266.

Hence, the plea denying the validity of a writ on that ground is bad, whether sworn to or not. Therefore there

is nothing in the contention of appellant that he was not duly in court.

(2.) While not so·in a few States, it is true under the law of this State, all debts evidenced by the judgment or decree of any court of competent jurisdiction in this State, where no attempt has been made in the court wherein the judgment is pending, to do more than liquidate by a judgment the amount due, without attempting to obtain any execution thereof in that court, may be subjected to the payment of the debts of the judgment creditor by a proper proceeding in attachment or garnishment.

It is so held in the courts of Connecticut, Pennsylvania, Delaware, Alabama, Mississippi, Indiana, Illinois and others. Allen v. Watt, 79 Ill. 284; Duton v. Hoehn, 72 Ill. 81; Minard v. Lawler, 26 Ill. 301; Gazer v. Watson, 11 Conn. 168; and in Janes v. New York & Erie R. Co., 1 Grant, 457, the Supreme Court of Pennsylvania held that a judgment debtor, in a judgment recovered against him in New York, was liable to answer as a garnishee in respect to the debt so manifested.

And in the Connecticut case above mentioned, the court, under a statute similar to our own, say : By the custom of London, from which our foreign attachment system was principally derived, it is said that a judgment debt can not be attached; and the same view has been taken by the courts in Massachusetts. A fair, and, we think, very obvious construction of our statute on this subject, as well as the general policy of our attachment laws, leads us to a different conclusion. It is enacted that where debts are due from any person to an absent and absconding debtor, it shall be lawful for any creditor to bring his action against such absent and absconding debtor, etc., and that any debt due from such debtor to the defendant shall be secured to pay such judgment as the plaintiff shall recover.

The language of the statute clearly embraces judgment debts as well as others, and the reason and equity of it are equally extensive.

A judgment debt is liquidated and certain, and in ordi-

nary cases, little opportunity or necessity remains for controversy respecting its existence, character or amount. The policy of our laws has ever required that the property of a debtor, not exempted by law from execution, should be subject to the demands of his creditors, and that every facility, consistent with reasonable immunities of debtors, should be afforded to subject such property to legal process. It is true, as has been contended, that to subject judgment debts to attachment, and especially those upon which executions may have issued, may, in some cases, produce inconvenience and embarrassment to debtors as well as to creditors.

Such consequences have resulted from the operation of our foreign attachment system, in ordinary cases; and this was foreseen and has been known to our legislators, by whom this system has been introduced, continued and extended; but the general interest of the community, in this respect, has been considered as paramount to the possible and occasional inconvenience to which individuals may be subjected. A judgment debtor, in such cases, is not without relief; he may, whenever serious loss or danger is apprehended, resort either to his writ of *audita querela*, or to a court of chancery for relief, by injunction or other appropriate remedy.

These views are substantially maintained in the decision of the other States above named. See Crobb v. Jones, 2 Miles 130; Sweeny v. Allen, 1 Pa. St. 380; Fithan v. New York & Erie R. Co., 31 Pa. St. 114; Belcher v. Grubb, 4 Harr. 461; Skipper v. Foster, 29 Ala. 330; Gray v. Newby, 1 S. & M. 597; Halbert v. Stinson, 6 Black. 398.

Mr. Presiding Justice Wall delivered the opinion of the Court.

It appears from the record, that on the 13th day of October, 1891, Fogg filed with the clerk of the Circuit Court of Adams County, an affidavit for attachment against the property of Breitenberger and caused two writs of attachment to be issued, one directed to the sheriff of said Adams county, and the other to the sheriff of St. Clair county. The writ to Adams was returned served by reading to said

Breitenberger; that to St. Clair was returned served by reading to Knebelkamp as garnishee, who was named for such service in the writ.

There was no other return on either of the writs.

A declaration in assumpsit was filed, and such proceedings were had between Fogg and Breitenberger that the former obtained a judgment against the latter for $851.81. Knebelkamp filed a plea in abatement averring that he lived and was served in St. Clair county, and that therefore the Circuit Court of Adams County had no jurisdiction of him. A demurrer was sustained to this plea, and he then filed his answer to the interrogatories. The plaintiff traversed the answer, and the issue thereby raised was submitted to a jury, and was found in favor of the plaintiff.

Judgment followed, from which Knebelkamp has prosecuted this appeal.

The first question presented is whether the garnishee was properly served in St. Clair county on a writ issued from Adams.

It is provided by Sec. 13, Ch. 11, R. S., entitled Attachments, that " the creditor may at the same time, or at any time before judgment, cause an attachment writ to be issued to any other county in the State where the debtor may have property liable to be attached, which shall be levied as other attachment writs, provided that if no property, rights or credits of the debtor are found in the county in which suit is brought, and no defendant is served with summons or makes appearance, the creditor shall not be entitled to judgment." It was provided in Sec. 31, Ch. 9, of the Revised Statutes of 1845, that " When any attachment has issued out of the Circuit Court of any county, it shall be lawful for the plaintiff at any time before judgment to cause an attachment to be issued to any other county in this State where the defendant may have lands, goods, chattels, rights, credits or effects, which writ of attachment the sheriff to whom it shall be directed, shall levy on the lands, goods, chattels, rights, credits or effects of the defendant in such county, and make return thereof as in other cases."

In the case of Hinman v. Rushmore, 27 Ill. 509, the Supreme Court, referring to the earlier statute, said it was a rule of law, that to give the court jurisdiction in an attachment case there must be service on the defendant or his property, and the action must be commenced where the defendant has property or where he can be found, and that said thirty-first section was not designed to enable the court to acquire jurisdiction, but was designed in aid of another writ, when the court has jurisdiction by virtue of the service of the other writ. See, also, Fuller v. Langford, 31 Ill. 248; Haywood v. McCrory, 33 Ill. 459.

The present Sec. 13, which appeared in the Revision of 1874, is Sec. 31 of the act of 1845, re-written, adding the proviso, which is, in effect, but the rule announced by the Supreme Court in Hinman v. Rushmore, as to the necessity of service upon the person or property of the defendant in the county where the suit is brought in order to give the court jurisdiction and to support a writ to another county.

It will be noticed that in Sec. 31 of the act of 1845, it is provided that the writ may go to any county where the defendant has "lands, goods, chattels, rights, credits or effects"; and in Sec. 13 of the present act, "to any county where the debtor may have property liable to be attached, which shall be levied as other attachment writs, provided, that if no property, rights or credits of the debtor are found in the county in which suit is brought, and no defendant is served," etc.

It is fair to construe the term "property," as used in Sec. 13, in its general and enlarged sense, and as designed to include all manner of property which may be reached in attachment proceedings.

So it was used, no doubt, in the first section, where it is provided that "a creditor may have an attachment against the property of his debtor," etc.

Sec. 8 provides that the officer shall "execute such writ of attachment upon the lands, tenements, goods, chattels, rights, credits, moneys and effects of the debtor." The appropriate mode of so executing the writ depends upon the character of property and its situation.

When any person is indebted to the defendant, or has "any property, effects, choses in action or credits in his possession or power, belonging to defendant," the writ is executed by serving such person as garnishee. The term "property," as used in Sec. 13, is not intended to signify any particular kind of property, such as lands or chattels, or property in any special condition as to possession, and so it is reasonable to say that under this section a writ of attachment may go to another county for the purpose of reaching, as a garnishee, any person who may be indebted to the defendant, as well as one who may have property, effects, choses in action or credits in his possession belonging to the defendant.

In the present Sec. 13, it is provided that the writ so issued to another county, "shall be levied as other attachment writs." While in Sec. 31 of the act of 1845, it was provided that "the sheriff to whom it is directed shall.levy on the lands, goods, chattels, rights, credits or effects of the defendant in such county." No doubt these expressions were intended to mean the same thing, and that the terms "levy" and "levied" were used in the general sense of taking or seizing by the means appropriate to the particular kind of property to be reached.

The cases cited by appellant in support of the point that when there is more than one defendant, the suit must be commenced in a county in which some one resides, are all, as will be found upon examination, where the suit was commenced by ordinary process of summons, and of course governed by Sec. 2 of the Practice Act, which is not applicable to proceedings by attachment. Field v. Shoop, 6 Brad. 445, and cases therein cited.

In Toledo, W. & W. Ry. Co. v. Reynolds, 72 Ill. 487, it was held that in garnishment proceedings (not by attachment) the writ might be sent to the county of the garnishee, and he be required to appear in the county where the judgment was rendered.

We are of the opinion the objection of the garnishee in this respect was properly overruled by the Circuit Court.

The second question is whether the evidence disclosed a state of facts rendering the appellant liable to be held as garnishee.

On the 14th of July, 1891, the Circuit Court of the United States for the Southern District of Illinois rendered a decree in chancery foreclosing a mortgage in a certain cause wherein the said Breitenberger was complainant, and the said Knebelkamp and others were defendants. The decree recited service upon all the defendants; found the sum due the complainant to be $1,064.85; ordered a sale of the mortgaged premises, and that if there was any deficiency the said Knebelkamp, who was found to be personally liable for the debt, should pay the same to complainant.

Here was an adjudication binding upon the parties that the garnishee was indebted to the defendant in attachment. It is, however, objected that indebtedness so merged in a judgment or decree, especially of another court of independent jurisdiction, is not the subject of garnishment.

Without considering at length or in detail, the cases in other States in which the question has been discussed whether a judgment debtor can be garnisheed, we are of opinion that, under our statute, and in view of the rulings of our Supreme Court, there is no reason why the garnishee in this case could not be held. The statute (Sec. 21) designates as subject to garnishment, persons "who are in any wise indebted to such defendant."

In Minard v. Lawler, 26 Ill. 301, a judgment debtor was summoned as garnishee in a proceeding wherein an execution against his judgment creditor had been returned *nulla bona*, and the Supreme Court seem to assume that the fact of the indebtedness being merged in a judgment was not important; that a judgment rendered against the garnishee was valid, and a payment of the same by him was valid as against his judgment creditor.

In Luton v. Haehn, for use, etc., 72 Ill. 81, which was a case where "a judgment debtor in the Circuit Court was garnisheed on process issued by a justice of the peace," it was expressly held that it can make no difference whether the garnishee is a judgment or a simple contract debtor,

and that while some inconvenience may arise in subjecting judgments to the process of garnishment, yet, that the statute is broad and comprehensive, and affording, in many instances, the only remedy the creditor has for collecting his claim, it should receive a liberal construction. This, also, was a proceeding under the general garnishment statute which provides that, where any person " is indebted" to the defendant, he may be subjected to garnishment, (Sec. 38, Ch. 57, R. S., 1845,) which provision is no broader than that of Sec. 21 of the present attachment act.

The same principle was distinctly announced in Allen v. Watt, 79 Ill. 284.

In the case at bar no hardship can result to the garnishee, from the fact that his indebtedness has been ascertained and fixed by the decree of the Federal court.

A payment of the sum due will satisfy the decree, and no execution can issue against him under the decree, except for a deficiency remaining after a sale of the mortgaged premises. No such sale had been made when the cause was tried. The case of Steere v. Hoagland, 39 Ill. 264, cited by appellant, was a creditor's bill, and it was therein held that a judgment of the Federal court, being the judgment of a court of another jurisdiction, will not furnish a basis upon which such a bill may be predicated in the courts of this State, but it is not in point upon the question here presented.

We are of opinion the indebtedness established by the decree referred to was subject to garnishment and that the objection urged by appellant, in that regard, is untenable.

No other objections are made against the judgment, and it will therefore be affirmed.