## JOHN ARTHUR v. ROBERT HALE.

1. ORDER—PRACTICE—*No error presumed.* An order made by the judge of the court, and which upon sufficient evidence he is authorized to make, will, on review thereof, be presumed to have been regularly made, and upon competent and sufficient testimony, unless the contrary be shown.

2. GARNISHEE—*Proceedings in aid of Execution.* An order of the district judge, made in proceedings in aid of execution, requiring a garnishee of the execution-debtor to pay the money in his hands as such garnishee into the hands of the clerk of the district court, is a proper order under §§ 476 to 486 of ch. 26, Comp. L. 1862; (Gen. St. 1868, p. 725, §§ 487 to 504.)

3. ——— But in such case it is error to direct an execution to issue against the garnishee to collect the money, in case of default in the making of such payment.

*Error from Wyandotte District Court.*

ON the 16th of April, 1868, *Robert Hale* recovered a judgment in the Wyandotte District Court against J. W. Bell, B. B. Bell, and A. Y. Bell. Execution was issued, and returned unsatisfied. Thereupon, J. C., as agent for

11

said *Hale*, made an affidavit alleging that " *John Arthur*, of Wyandotte county, has in his hands moneys belonging to said judgment debtors, due and owing to them by said Arthur." Upon this affidavit an order was issued to said Arthur, requiring him to appear and answer touching his liability as garnishee of said Bells.

The record shows that *Arthur* appeared and answered. Said " answer " is signed by his attorneys, and is verified by *Arthur;* and it shows that Arthur in March, 1868, bought of the Bell Brothers a certain lease of the Wyandotte city mills for $1775, of which he paid at the time $963, and had agreed to pay to certain creditors the remaing $812; that said sum of $812 was due, but not paid, at the time of service of garnishment. The names of the creditors, to whom said sum was to be paid, and the amount due to each, were also stated. On the 5th of October, 1868, the district court found " that the said Arthur is indebted to the said defendants ( Bells,) in the sum of $812 principal, and $1.60 interest, and that said sums are now due and payable, and liable to be applied. on execution herein," and thereupon entered an order, " that the said John Arthur pay into the hands of the " clerk of the court said sum of $813.60; and in default, " that execution issue against the said John Arthur to " collect the said sum, as upon judgment." The record does not show that any testimony was taken or offered except the " answer " made by Arthur, above mentioned; nor does it show that no other evidence was given on the hearing. *Arthur* brings the case here, and assigns as error, first, that the affidavit for the garnishee notice was insufficient; second, that the sheriff received the execution against Bells one day, and returned it the next, without using diligence; third, that the order of gar-

nishment was not properly served; fourth, that the order adjudging him to be liable as garnishee, was illegal.

*Bartlett & Hale*, for plaintiff in error, in support of the *fourth* assignment of error, submitted:

1. The answer of Arthur, as garnishee, shows conclusively that he was not indebted to the Bells. He had assumed to pay certain creditors of theirs, and was liable to such creditors. His undertaking to pay them was in writing, and made upon sufficient consideration. 4 Denio, 97; 12 Johns., 276; 5 Wend., 235; 9 Cowen, 639.

2. The transaction between Arthur and the Bells created a trust in favor of the creditors mentioned therein, which could only be impeached on the ground of fraud. 1 Story on Cont., § 457; 2 Story's Eq. Jur., §§ 1196, 1229, 1274; 28 Mo., 596; 10 Mass., 316.

3. The liability of a garnishee must be clearly and affirmatively shown; it is never presumed. The *creditor* has no greater claim than the principal debtor; and in this case the demand of the Bell Brothers was extinguished. 9 Iowa, 241; 7 N. H., 397; Drake on Attach., §§ 461, 462, 659; 3 Mass., 558.

4. The court had no authority to award an *execution* on which to collect the amount found to be in the hands of the garnishee. 12 Ohio St., 358.

5. The order, if made, should have provided that the garnishee might retain the amount found due to the principal debtor on giving an undertaking therefor; § 226, ch. 26, Comp. L. 1862.

*Jesse Cooper*, for defendant in error:

1. The first, second and third errors assigned are in strictness *dilatory pleas;* and not being made in the court below, this court will not consider them. A party plead-

ing to an action, and submitting the merits to adjudication, waives all dilatory ojections. 3 Kans., 244; id., 374.

2. The record does not disclose what facts were before the court below; and it will be presumed that the facts authorized the order. No exceptions appear in the record; and none of the evidence is preserved. In such case, no errors will be presumed.

3. The court had the power to make the order to pay the money into court, as was done. And every court must have the power to enforce its judgments and orders. That part of the order awarding execution, was necessary to the enforcement of the order requiring payment. The code contemplates that the clerk shall in all cases issue execution to carry into effect the orders, judgments and decrees of the court. Comp. L. 1862, p. 194, title, "Executions."

The opinion of the court was delivered by

SAFFORD, J.: The order complained of in this case was made by the judge of the district court in a proceeding in aid of an execution, which was prosecuted under and by virtue of the provisions of the code of 1862, Comp. L., ch. 26, § 476, *et seq.*

Several objections are urged as to the validity of the said order, and the regularity of the proceedings by which it was obtained; but owing to the condition of the record which is brought to this court, they cannot, for the most part at least, be considered. A portion of the evidence, from which the judge below found the facts upon which the order was based, is preserved in the record, and is presented in the form of a statement in regard to the matter of the inquiry, signed by the attorneys of the party against whom

1. Error will not be presumed, but must be shown.

the proceeding was directed as garnishee, and sworn to by such party. But what other and further evidence was before the said judge, and what facts other than those set out in the statement referred to, if such other facts were necessary to sustain the finding made, were by such other evidence proven to his satisfaction, we are not advised by the record. It follows then, that, inasmuch as it does not appear upon what the judge below acted, this court will not undertake to say that the facts established by the evidence were not sufficient to sustain such 2. GARNISHEE— an order as was authorized by the code in what order may be made; like cases; § 479, ch. 26, Comp. L. 1862. As a consequence therefore, the finding of the judge, and his order requiring the plaintiff in error to pay the money in his hands as garnishee, into the hands of the clerk of the district court, will not be disturbed. But that part of the order awarding an execution against the garnishee to collect the money, in case of default in the 3. —— but error payment thereof to the clerk, we think was to award execution. wrong, and for the reason that it was not authorized by the sections of the statute relating to such proceedings as were had in this case, or any other provision of the code which has been brought to our notice.

It is contended that the proceedings before the judge were irregular, and not in conformity to law. This may be true to some extent; but we think that any informality was waived by the voluntary appearance and answer of the garnishee, and cannot be taken advantage of here.

The order entered below will be modified in accordance with the views above expressed, and the costs in this court divided equally between the parties.

All the Justices concurring.