THE BANK OF LeRoy v. H. B. HARDING.

1. PETITION, *Held Sufficient.* It is *held* that the petition in this case states a cause of action, in ordinary and concise language and without repetition, and that the evidence introduced by plaintiff in the court below tended to prove all the allegations thereof. Therefore, all the motions attacking the petition, and the demurrer to the evidence, were properly overruled.

2. SPECIAL BANK DEPOSIT, *When to be Returned.* A special deposit made by H., to be paid to D. & W. upon their joint check, and not otherwise, upon which the conditions have not been complied with for 16 months, should, upon demand, be paid to said H.

3. GARNISHMENT—*Order not a Judgment.* An order of a justice of the peace to the garnishee to pay money into court is not a judgment. It simply gives to the creditor the same right to enforce the payment of the money from the garnishee that the debtor previously had. (*Board of Education v. Scoville,* 13 Kas. 32.)

MEMORANDUM.—Error from Coffey district court; CHARLES B. GRAVES, judge. Action brought by H. B. Harding against the Bank of LeRoy to recover money. Judgment for plaintiff. The defendant brings the case to this court. Affirmed. Opinion filed July 16, 1895.

The statement of the case, as made by DENNISON, J., is as follows :

This is an action brought in the district court of Coffey county, by the defendant in error, H. B. Harding, as plaintiff, against the plaintiff in error, the Bank of LeRoy, as defendant, to recover the sum of $829.94. Judgment was rendered in the court below in favor of said plaintiff, Harding, and said defendant, the Bank of LeRoy, brings the case to this court for review, and alleges nine assignments of error, as follows :

"1. The said district court erred in overruling the motion of the plaintiff in error to require the said defendant in error to make his petition more definite and certain in certain particulars.

"2. The court erred in overruling the fourth ground of motion of said plaintiff in error requiring said defendant in error to make his reply more definite and certain.

"3. The court erred in overruling the demurrer of plaintiff in error to the third cause of the amended reply of said defendant in error.

"4. The court erred in overruling the motion of the plaintiff in error to strike from the second and third counts of said reply of said defendant in error certain parts thereof in said motion specified.

"5. The court erred in overruling the objection of plaintiff in error to the introduction of any evidence in said action.

"6. The court erred in overruling the demurrer of the plaintiff in error to the evidence introduced by the defendant in error.

"7. The court erred in overruling the objections of the plaintiff in error to the introduction in evidence by the said defendant in error of the affidavit of J. R. Ahlefeld.

"8. The court erred in overruling the motion of the plaintiff in error for a new trial.

"9. The court erred in giving judgment for said defendant in error."

The petition in the case is as follows (omitting title and signature) :

"The said plaintiff, H. B. Harding, for his petition and cause of action against the said defendant, the Bank of LeRoy, alleges that it, the Bank of LeRoy, is a corporation duly organized under the laws of the state of Kansas ; that in the month of December, 1887, the said plaintiff deposited with the said defendant the sum of $2,800, and directed the said defendant to pay said moneys to divers persons, whose names and the amount to be paid to each were furnished to the said defendant by the said plaintiff at the time.    Among others, the plaintiff directed the defendant to pay to I. S. DeFord and John Wackman $829.94, which said payment was to be made upon the joint check of the said DeFord and Wackman, and not otherwise ; that the said DeFord and Wackman refused ·to draw said money so deposited as aforesaid, and refused to accept the same, but, upon the contrary, brought suit against the plaintiff and obtained judgment against him for all of the moneys due from the plaintiff to said parties, which judgment the plaintiff paid in full ; but before the bringing of this suit the plaintiff demanded of the defendant said sum of money, and the defendant refused to pay the same to the plaintiff, or any part thereof.    Wherefore an action hath accrued to the plaintiff.    He therefore brings suit and prays for a judgment against said defendant for said sum of money, to wit, $829.94, with the interest thereon at 7 per cent. per annum from the 1st day of January, 1887, and the costs of this suit."

The said petition was attacked by the following motion (omitting title) :

"Comes now the said defendant, by Redmond & Junkins, its attorneys, and moves the court to require said plaintiff to make his petition herein defi-

nite and certain in the following particulars, to wit: *First.* That plaintiff state whether, at the time of making said alleged deposit with the defendant, he (the plaintiff) received from defendant any certificate or other written evidence of such deposit; and, if so, that the plaintiff set out in his petition a copy of the same. *Second.* That plaintiff state whether he directed the said defendant to pay said money to divers persons, as alleged in his petition, orally or in writing; and, if in writing, that he attach to or set out in his petition a copy of such written direction; and, if orally, then that the plaintiff set out the particulars fully as to amounts and names of persons to whom said moneys, by plaintiff's said direction, were to be paid. *Third.* That plaintiff state in what court said DeFord and Wackman brought suit against said plaintiff, and who were parties plaintiff and defendant therein, and what judgment was rendered therein, together with the date of such judgment, and that plaintiff state when and to whom he paid such judgment.''

The said motion was overruled; after which the defendant filed the following answer (omitting title):

''Comes now said defendant, and for answer to plaintiff's petition says: *First.* This defendant denies each and every allegation, averment, matter and thing in plaintiff's petition contained. *Second.* And said defendant for a second and further answer herein says: That on the 27th day of December, 1886, one John Wackman deposited with this defendant the sum of $2,828.96, and at the same time said John Wackman deposited with this defendant his directions in writing, signed by him, said John Wackman, and therein and thereby directed said defendant to pay said moneys to divers persons, whose names and the amount to be paid to each were furnished to said defendant in said direction in writing, a copy of which said direction in writing is hereto attached, marked 'Exhibit A,' and by incorporation made a part of this answer; that thereafter, and in pursuance of said di-

rection, this defendant paid out said moneys to the several persons in the several sums as therein directed, all save and except the said sum of $829.94, so as aforesaid directed to be paid out upon the order of I. S. DeFord and John Wackman; that no order of I. S. DeFord and John Wackman, or either of them, for said last-mentioned sum of money, or any part thereof, has ever been presented to this defendant, nor have said I. S. DeFord and John Wackman ever demanded of this defendant said money or any part thereof; that after said moneys were deposited with this defendant as aforesaid, and while there still remained with this defendant said $829.94 thereof, on the 15th day of January, A. D. 1887, one J. R. Ahlefeld commenced, before G. Wilkinson, a justice of the peace of LeRoy township, in said county, an action against said John Wackman upon account, and in said action a garnishee summons was duly served upon this defendant January 15, 1887, and before any order of said I. S. DeFord and John Wackman, or either of them, had been presented for said moneys, and before any demand by said DeFord and Wackman, or either of them; and thereafter this defendant appeared on January 18, 1887, before said justice and answered upon oath as garnishee in regard to said moneys of said John Wackman in hands of this defendant as aforesaid; and upon such answer and on conclusion of the hearing of said case, on the 18th day of January, 1887, it was duly adjudged by said justice that said J. R. Ahlefeld have and recover of said John Wackman the sum of $300 and costs, $5.40, and it was then and there duly ordered by said justice that this defendant, the Bank of LeRoy, pay into court the sum of $305.40; and thereupon, in pursuance of said order and judgment of the court, this defendant did pay into court, of said moneys, the sum of $305.40, all and every of which proceedings will more fully appear by reference to the records and files of said justice's court; that after said moneys were so deposited with this defendant as aforesaid, and while there still remained with this defendant said $829.94 thereof,

on the 15th day of January, 1887, one John Fallakey commenced, before G. Wilkinson, a justice of the peace of LeRoy township, in said county, an action against said John Wackman upon account, and in said action a garnishee summons was duly served on this defendant on January 15, 1887, and before any order of said I. S. DeFord and John Wackman, or either of them, had been presented for said moneys, and before any demand thereof by said DeFord and Wackman, or either of them, had been made; and thereafter this defendant appeared, on January 18, 1887, before said justice, and answered upon oath as garnishee in regard to said moneys of said John Wackman in hands of this defendant as aforesaid; and upon such answer and on conclusion of the hearing of said case, on the 18th of January, 1887, it was duly adjudged by said justice that said John Fallakey have and receive of said John Wackman the sum of $300 and costs, $5.40, and it was then and there duly ordered by said justice, that this defendant, the Bank of LeRoy, pay into court the sum of $305.40; and thereupon, in pursuance of said order and judgment of the court, this defendant did pay into court of said moneys the sum of $305.40, all and every of which proceedings will more fully appear by reference to the records and files of said justice's court; that after said moneys were so deposited with this defendant as aforesaid, and while there still remained with this defendant said $829.94 thereof, on the 15th day of January, 1887, one Charles W. Becker commenced before G. Wilkinson, a justice of the peace of LeRoy township, in said county, an action against said John Wackman upon account, and in said action a garnishee summons was duly served on this defendant on January 15, 1887, and before an order of said DeFord and John Wackman, or either of them, had been presented for said moneys, and before any demand thereof by said DeFord and Wackman, or either of them; and thereafter this defendant appeared, on January 18, 1887, before said justice and answered upon oath as garnishee in regard to said moneys of said John Wackman in hands of this de-

fendant as aforesaid; and upon such answer and the conclusion of the hearing of said case, on the 18th day of January, 1887, it was duly adjudged by said justice that said Charles W. Becker have and recover of said John Wackman the sum of $224 and costs, $5.40, and it was then and there duly ordered by said justice that this defendant, the Bank of LeRoy, pay into court the sum of $219.14, and thereupon, in pursuance of said order and judgment of the court, this defendant did pay into court of said moneys the said sum of $219.14; all and every of which proceedings will more fully appear by reference to the records and files of said justice's court; that said several sums of money so paid into said justice's court, in said three several actions against said John Wackman, amounting to the sum of $829.94, are the same moneys and funds so as aforesaid originally deposited with this defendant as aforesaid, and are the same funds which said plaintiff now claims in this action; that before the said several actions were commenced against said John Wackman the said plaintiff was informed and had due notice that said several actions were about to be commenced against said John Wackman, and that said funds in the hands of this defendant would be garnished and appropriated in said action as the property of said John Wackman, and said plaintiff was inquired of as to whether he, the said H. B. Harding, had or claimed any interest in said funds, and upon said information, notice and inquiry, said H. B. Harding then and there disclaimed any right, title or interest in said funds, of all which information, notice and inquiry, and of the said disclaimer of said H. B. Harding thereto, this defendant was fully informed and had due notice before said moneys were paid over as garnishee as aforesaid; that before the said several actions were commenced against said John Wackman, the said I. S. DeFord was informed and had due notice that said several actions were about to be commenced against said John Wackman, and that said funds in the hands of this defendant would be garnished and appropriated in

said actions as the property of said John Wackman, and said I. S. DeFord was inquired of as to whether he, the said I. S. DeFord, had or claimed any interest in said funds, and upon such information, notice and inquiry, said DeFord then and there disclaimed any right, title or interest in said funds, of all which information, notice and inquiry, and of the disclaimer of said I. S. DeFord thereto, this defendant was fully informed and had due notice before said moneys were paid over as garnishee aforesaid. Wherefore this defendant prays judgment against said plaintiff for its costs.''

''EXHIBIT A.

''LEROY, KAS., December 27, 1886.  *Memorandum.* Whereas, I have this day made settlement with H. B. Harding & Co., for all claims against them on account of the firms of DeFord & Wackman and I. S. DeFord & Co., as a partner in both firms ; and whereas, there is a disagreement as to accounts between I. S. DeFord and myself, as partners in the afore-mentioned firms of DeFord & Wackman and I. S. DeFord & Co. :  Now, therefore, this is to witness that I have agreed to and do place in the hands of the cashier of the Bank of LeRoy, Kas., the full sum of $2,828.96, being the full balance due from said Harding & Co. to the aforesaid-mentioned firms, to be held by said cashier for disbursement as follows, to wit : $2,001.92 to be paid to the creditors of said I. S. DeFord & Co., viz. :

| | |
|---|---:|
| Goddard, Peck & Co. | $821 14 |
| Gauss & Co. | 408 50 |
| Gauss, Shelton & Co. | 39 25 |
| Crow, Hagardine & Co. | 538 58 |
| Chambers | 82 78 |
| Wade | 116 67 |
| | $2,001 92 |

Upon their drafts for the same, or upon receipts properly signed by them, the said creditors, and the balance of $827.04 to be paid out by said cashier only upon orders signed jointly by myself and I. S. DeFord.
   [Signed]                          JOHN WACKMAN.''

The plaintiff in said action made the following reply (omitting title):

"Comes now the plaintiff, and for his reply to the answer of the defendant filed herein says : He denies each, all and singular, the allegations in said answer contained, save and except what is herein specifically admitted.    The plaintiff admits the execution of the paper, a copy of which is attached to said answer and marked 'Exhibit A,' but alleges the fact to be that the said moneys mentioned and described in said paper were not deposited by the said John Wackman, but were deposited in said bank by this plaintiff, who had made settlement with the said John Wackman, and were deposited by said plaintiff for the specific purposes mentioned in said exhibit, of all of which said bank had due and legal notice.    The plaintiff, further replying to said answer, says : That before the making of said deposit and on, to wit, the 11th day of November, 1886, the said John Wackman sold and transferred to the said I. S. DeFord all of his rights and interest in and to the then existing partnerships of DeFord & Wackman and DeFord & Co. for a valuable consideration ; and at the time said pretended settlement, set forth and stated in the answer of said defendant, the said Wackman had no interest whatever in the several sums of money due from the said H. B. Harding to the said firms of DeFord & Wackman and I. S. DeFord & Co. ; that subsequent thereto, and subsequent to the deposit of the money with the defendant bank, and some time in the month of December, 1886, the said I. S. DeFord, by virtue of the sale and assignment to him as aforesaid, commenced an action in the district court of Wilson county, Kansas, against the said H. B. Harding to recover the moneys due the late partnerships of DeFord & Wackman and I. S. DeFord & Co., less the amount paid to the creditors of said firms mentioned in 'Exhibit A' attached to defendant's answer ; that, subsequent thereto, judgment was rendered in said action in favor of said

DeFord for the sum of $1,000, which the said plaintiff was compelled to pay, and did pay to the said I. S. DeFord, of all of which the defendant bank had notice. The plaintiff, further replying to said answer, says: That the said several suits mentioned and set forth in said answer, commenced before G. Wilkinson, a justice of the peace of LeRoy township, in said county, against John Wackman, and the several garnishee summonses issued in said suits, were brought by the respective plaintiffs and against the said defendant by collusion, with full knowledge upon the part of the respective parties that the said John Wackman was not indebted to said parties in any sum whatsoever, it being the objective purpose and intention of the several plaintiffs and the said defendant to defraud the plaintiff herein; that the said bank gave the said plaintiff no notice of service of garnishee proceedings upon it, nor did it give the said I. S. DeFord any notice of service of garnishee summons, although the bank, at the time each of the garnishee summonses was served upon it, had actual knowledge that the said DeFord had commenced a suit against the said H. B. Harding, claiming that the said Wackman had assigned to the said DeFord, for a valuable consideration, his (the said Wackman's) entire interest in the said partnerships of I. S. DeFord & Co. and DeFord & Wackman, and that said suit was still pending at the time the defendant claims it paid the money out on the orders of the justice of the peace, as stated in said answer."

To which said reply the said defendant filed the following motion (omitting title):

"Comes now said defendant, and moves the court to require said plaintiff to make his reply more definite and certain in the following particulars, to wit:

"*First.* That said plaintiff separately state and number his several replies and pretended defenses to the answer of the defendant: (1) By separating and numbering that part of his said reply from the beginning thereof to and including the words 'Exhibit A,' in the

sixth line of the body of said reply;' (2) by separately stating and numbering that portion of his said reply following the words 'Exhibit A,' in said sixth line, to and including the word 'notice,' in the eleventh line of the body thereof; (3) by separately stating and numbering that part of said reply beginning with the last two words of said eleventh line, to and including the word 'DeFord,' in the twenty-first line of the body of said reply; (4) by separately stating and numbering that part of the reply following said word 'DeFord,' in the twenty-first line thereof, to and including the word 'notice,' in the eighth line of second page of said reply; (5) by separately stating and numbering that part of said reply following the said word 'notice,' in the eighth line of second page thereof, to and including the word 'herein,' in the eighteenth line of second page thereof; and (6) by separately stating and numbering the remaining part of said reply from the said word 'herein,' in the eighteenth line of second page, to the end of said reply.

"*Second.* That defendant asks the court to require said plaintiff to make his reply more definite and certain by stating therein who is meant by the words 'said defendant,' at the beginning of the fourteenth line of the second page of said reply.

"*Third.* The defendant asks the court to require said plaintiff to make his reply more definite and certain by stating who is meant by the words 'said defendant,' at the end of the seventeenth line and beginning of eighteenth line of second page of said reply.

"*Fourth.* That the plaintiff make his reply more definite and certain by stating therein who and what persons participated in the collusion alleged and referred to in said reply, and by stating the facts constituting and the acts done constituting such collusion; and that plaintiff state what acts were done and by whom to defraud said plaintiff."

Upon the hearing of this motion, the court sustained said motion as to the first, second and third

grounds thereof, and overruled the fourth ground of said motion. Amendment was thereupon made instanter, and the defendant therein filed the following demurrer (omitting title) :

"Comes now said defendant and demurs to the third count in the amended reply of said plaintiff upon the following ground, to wit : *First*. That said third count does not state facts sufficient for a reply to the answer of said defendant herein."

And also filed the following motion (omitting title):

"Comes now the said defendant and moves the court to strike from the first count of the amended reply of said plaintiff all that part thereof following the words 'Exhibit A,' in the sixth line thereof, for the reason and on the ground that the same is redundant and irrelevant. *Second*. And said defendant further moves the court to strike from the files in this case the second count in the amended reply of said plaintiff, for the reason and on the ground that the same is inconsistent with and a departure from the petition of said plaintiff herein."

Upon the hearing of said demurrer and motion, the court overruled the said demurrer and also overruled said motion.

At the trial of said cause the defendant objected to the introduction of any evidence under the petition, for the reason that it did not state facts sufficient to constitute a cause of action. The objection was overruled, to which the defendant excepted. And, after the plaintiff had introduced his evidence and rested, the defendant demurred to the evidence that had been introduced on the part of the plaintiff, on the ground that the evidence did not prove a cause of action against the defendant and in favor of the plaintiff. The demurrer was overruled, and the defendant excepted thereto, and then introduced his evidence.

*James Redmond*, for plaintiff in error.
*S. S. Kirkpatrick*, for defendant in error.

The opinion of the court was delivered by

DENNISON, J. : We will consider the errors alleged in this case in the order in which they appear in the petition in error.

The first assignment of error is to the overruling of the motion to make the petition more definite and certain in certain particulars. The statutes of Kansas require the petition to contain '' a statement of the facts constituting the cause of action, in ordinary and concise language, and without repetition.'' And also, '' when the allegations of a pleading are so indefinite and uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment.'' The petition in this case alleges that in December, 1887, Harding deposited with the bank a certain sum of money, and directed the bank to pay out the same to divers persons, (giving their names, and the amount to be paid to each,) and that, among others, he directed said bank to pay to I. S. DeFord and John Wackman $829.94, upon their joint check, and not otherwise ; that the said DeFord and Wackman refused to draw the money and refused to accept the same ; and that the said Harding, before the bringing of this suit, demanded of said bank the said sum of money, and the said bank refused to pay the same or any part thereof to said Harding.

. '' The function of a petition is not the narration of the evidence, but a statement of the substantive facts upon which the claim for relief is founded ; and a motion to make more definite and certain the allegations

26—APP.

of the petition can be sustained only when the precise nature of the charge is not apparent." (*K. P. Rly. Co. v. McCormick*, 20 Kas. 107.)

The petition in this case is definite and certain, and apprised the defendant of the precise nature of the claim of the plaintiff against him.   There was no error in overruling this motion.

The second assignment of error is to the overruling of the fourth ground of the motion of said plaintiff in error requiring said defendant in error to make his reply more definite and certain. by stating therein who and what persons participated in the collusion alleged and referred to in said reply, and by stating the facts constituting and the acts done constituting such collusion, and that plaintiff state what acts were done and by whom to defraud said plaintiff.   The amended reply contains the following :

"The plaintiff, for his third and fourth reply to said answer, says that the said several suits mentioned and set forth in said answer, commenced before G. Wilkinson, a justice of the peace of LeRoy township, in said county, against John Wackman, and the several garnishee summonses issued in said suits, were brought by the respective plaintiffs in said suits and against the said defendant, John Wackman, by collusion, with full knowledge upon the part of the respective parties bringing said suits and the said Wackman ; that the said John Wackman was not indebted to said parties in any sum whatever, it being the objective purpose and intention of the several plaintiffs in the said garnishee suits and the said defendant, John Wackman, to defraud the plaintiff herein ; that the said bank gave the said plaintiff no notice of service of garnishee proceedings, nor did it give the said I. S. DeFord any notice of service of garnishee summons, although the bank at the time each garnishee summons was served upon it had actual knowledge that the said I. S. DeFord had commenced

a suit against the said H. B. Harding, claiming that the said Wackman had assigned to the said DeFord for a valuable consideration his (the said Wackman's) entire interest in the said partnerships of I. S. DeFord & Co. and DeFord & Wackman, and that said suit was still pending at the time the defendant claims he paid the money out on the orders of the justice of the peace as stated in said answer.''

This language states as clearly as language can who participated in the collusion alleged, what the facts were and acts done constituting such collusion, and by whom said acts were done.   The court properly overruled the fourth ground of said motion.

The third assignment of error was upon the overruling of the demurrer of plaintiff in error to the third count of the amended reply of said defendant in error. The language complained of in the amended reply may have been redundant, and, upon a proper motion, might have been stricken out, but a demurrer was not the proper remedy.   The proper proceeding would have been by motion.

The fourth assignment of error is upon the overruling of the motion of plaintiff in error to strike from the second and third counts of said reply of said defendant certain parts thereof in said motion specified. An examination of the record shows that the motion was not to strike from the second and third counts, but from the first and second counts.   The first part of the motion reads as follows :

''Comes now the said defendant and moves the court to strike from the first count of amended reply of said plaintiff all that part thereof following the words 'Exhibit A,' in the sixth line thereof, for the reason and on the ground that the same is redundant and irrelevant.''

This part of the motion was properly overruled.

Plaintiff, in his petition, alleges that he deposited money in said bank for certain specified purposes. The defendant answers that the money was not deposited by the plaintiff, but by John Wackman, and exhibits a paper with John Wackman's name signed to it in support of that allegation. That part of the reply which the defendant moves to strike out reiterates the fact that the money was deposited by the said plaintiff, and is explanatory of the exhibit mentioned and the part that John Wackman took in the transaction, and is a reply to said answer, and is not redundant or irrelevant. The second ground of said motion reads as follows :

"And said defendant further moves the court to strike from the files in this case the second count in the amended reply of said plaintiff, for the reason and on the ground that the same is inconsistent with and a departure from the petition of said plaintiff herein."

This part of the motion was also properly overruled. Plaintiff, in his petition, alleges that —

"The said DeFord & Wackman refused to draw said money so deposited as aforesaid, and refused to accept the same, but, on the contrary, brought suit against the plaintiff and obtained judgment against him for all the moneys due from the plaintiff to said parties, which judgment the plaintiff paid in full."

The latter part of this statement in the petition may have been surplusage, and upon a proper motion might have been stricken out, but it was not done. That part of the reply complained of in the second ground of said motion may have been redundant, irrelevant, and surplusage, and upon a proper motion might have been stricken out for that reason ; but this motion is to strike it out "for the reason and on the ground that the same is inconsistent with and a

departure from the petition of said plaintiff herein.''
It certainly is not inconsistent with nor any depart-
ure from the language of the petition, but relates to
the refusal of DeFord & Wackman to draw said money
and to accept the same, and to their bringing suit
against the plaintiff, and obtaining judgment against
him, and his payment thereof.   The only variation in
the reply was the sale and transfer by John Wack-
man to I. S. DeFord of all his rights and interests in
the partnerships of DeFord & Wackman and of De-
Ford & Co. and the suit upon the company accounts
so assigned by I. S. DeFord instead of I. S. DeFord
and John Wackman.   This variation was an imma-
terial one, and certainly is no ground for reversing
this case.

The fifth assignment of error is in overruling the
objection of plaintiff in error to the introduction of
any evidence in said action.   As already stated in
this opinion in considering the first assignment of
error, the petition alleges that Harding deposited with
the bank a certain sum of money, directing it to be
paid to divers persons (giving their names and the
amounts to be paid to each), among others being I. S.
DeFord and John Wackman, $829.94, upon their joint
check, and not otherwise; that said DeFord and
Wackman refused to draw the money or to accept the
same; that the said Harding, before bringing the
suit, demanded the return of the money, which was
refused by the bank.   The answer of the defendant
alleges that the money was not deposited by said
Harding, but by John Wackman, and sets out as
''Exhibit A,'' in the answer, a paper signed by John
Wackman directing the payment of the money.   The
reply of the said plaintiff admits the execution of the
paper marked ''Exhibit A,'' and alleges that the

money was not deposited by John Wackman, but was deposited by said Harding for the purposes therein specified, of which said bank had due and legal notice. This states a legal cause of action, and the plaintiff was properly permitted to introduce evidence to sustain the same, and overruling the objection to the introduction of evidence was not error.

The sixth assignment of error was in overruling the demurrer of the plaintiff in error to the evidence introduced by the defendant in error. The plaintiff in error contends that the money was deposited under the paper marked "Exhibit A" for the specific purpose named therein, and says that that paper shows conclusively that the money was placed in the hands of the cashier of the Bank of LeRoy, plaintiff in error, by John Wackman, and not by H. B. Harding, and that said money was to be paid out only upon orders signed jointly by John Wackman and I. S. DeFord, and there being no averment in the petition or any evidence that there was a check signed jointly by I. S. DeFord and John Wackman, that the plaintiff could not maintain his action. This contention is not sound. When Harding deposited the money in the bank for a specified purpose and that purpose failed, as it did in this case, by DeFord & Wackman refusing to accept the money upon the conditions named, then the money belonged absolutely to Harding, and it was the duty of the bank to pay it to him upon his demand therefor. There having been some evidence introduced to sustain all the material allegations in the pleadings of the plaintiff, there was no error in overruling said demurrer. (*Simpson v. Kimberlin*, 12 Kas. 579 ; *K. P. Rly. Co. v. Couse*, 17 id. 571 ; *C. R. I. & P. Rly. Co. v. Doyle*, 18 id. 58.)

The seventh assignment of error is in overruling the

objection of the plaintiff in error to the introduction in evidence by the defendant in error of the affidavit of J. R. Ahlefeld.   Said Ahlefeld in his evidence stated that he saw Mr. Harding about the first of January, and told him that he wanted to draw that money out if it was possible.   Mr. Harding told him he had no interest in it, and nothing to do with it, and wouldn't have anything to do with it in any shape or form; that it was not his money; that said conversation occurred two or three days before the garnishment proceedings which were introduced in evidence on behalf of the defendant in this case, and he stated that Harding told him in this same conversation that he believed the money belonged to Wackman.   He states further that he told Harding that he would garnish the bank, but that he did not want to do it if it would interfere with him in any particular.   He says, further, that Harding told him to go ahead and get the money if he could, and that Mr. Harding had full notice of the garnishee proceedings.   The affidavit of Mr. Ahlefeld was shown to him upon the witness-stand, was identified by him as having been made by him, and that it was his signature.   The affidavit tended very strongly to impeach the evidence of said Ahlefeld, given at the trial.   The said Ahlefeld states in his affidavit that he was acquainted with the said Harding, DeFord, and Wackman, and that about the 1st of January, 1887, he learned that said Harding had made a settlement with said DeFord & Wackman, and that by the terms of said settlement, so made as aforesaid, said Harding deposited the amount due them, after the payment of their liabilities, to the credit and for the use of said DeFord & Wackman, in the bank at Le-Roy, at LeRoy, Coffey county, Kansas.   And he further states in said affidavit:

"That said Harding, or any one in his behalf, did

not consent to the withdrawal of said money for payment and satisfaction of said judgment, nor did deponent advise said Harding that any proceedings were or had been instituted for and on behalf of any person or persons whomsoever, for the purpose of withdrawing or appropriating any of said money so deposited by said Harding in said bank of LeRoy, to the credit and for the use of said DeFord and Wackman, as aforesaid.''

The attorneys for this plaintiff in error state in their brief that—

'' No foundation was laid for its introduction in evidence, and that it does not modify, change, or contradict any statement of said Ahlefeld given on the trial ; that it cumbers the record, and ought to have been rejected.''

The foundation was laid for its introduction, and it did contradict and impeach the testimony of said Ahlefeld, and was properly introduced at the trial.

The eighth assignment of error was in overruling the motion of the plaintiff in error for a new trial. The first ground of the motion is '' said findings are not sustained by sufficient evidence, and are contrary to law.'' The evidence in this case discloses the fact that Harding owed DeFord & Wackman the sum of $2,828.96. Harding believed himself liable for some of the debts owing by said DeFord & Wackman to persons from whom they had purchased goods. DeFord and Wackman disagreed upon a settlement between themselves of their partnership matters. Each had notified Harding to pay no money to the other. Harding attempted to settle the account between himself and the firm of DeFord & Wackman with Wackman. In pursuance of the attempted settlement, and fully to protect himself, Harding agreed with Wackman to deposit with the Bank of LeRoy a draft upon Simmons & Sidell for the amount due from Harding

to said firm of DeFord & Wackman, for said sum of $2,828.96, provided the said Wackman would give a partnership receipt to the said Harding to be sent with the draft to said Simmons & Sidell and would agree to certain other conditions. Wackman so agreed, and set out the conditions in writing, which is "Exhibit A," and deposited the writing signed by him individually with the draft in said bank. The bank received the money on Harding's draft and proceeded to and did pay out $2,001.92 according to the terms of said writing. The conditions as to the balance were never complied with. DeFord refused to sign a joint receipt with Wackman, and the money was not paid out as per stipulation. After a period of one year and some four months, Harding drew a draft through the Wilson County Bank upon the said Bank of LeRoy for the amount of $829.94, and the said Bank of LeRoy refused to pay the same. This is sufficient evidence to sustain the said findings. To relieve itself from the payment of said $829.94, the Bank of LeRoy alleged that it had paid out the money upon the order of a justice of the peace in several proceedings in garnishment in which John Wackman was the defendant, and it gives in evidence full copies of the garnishee proceedings had before the justice of the peace. Upon examination of A. C. Thompson, cashier of the Bank of LeRoy, as said garnishee, he makes in each of the cases the following answers to the following questions :

"Ques. 1. At the time you were served with the order of garnishment in the above-entitled action, had you then, or have you had since then, or have you now, in your possession or under your control any property, moneys or credit of the above-named defendant? Ans. We have nothing in the name of John Wackman.

"Q. 2. At the time you were served with the garnishment notice in this case, had you or have you since had any money or other property in your hands or under your control belonging to the firm of DeFord & Wackman or in the name of I. S. DeFord & Co? If so, how much? A. There is nothing in the name of DeFord & Wackman. Mr. Barrett, who represents H. B. Harding & Co., deposited some money with the cashier, in trust, to be drawn by orders signed jointly by John Wackman and I. S. DeFord. The amount deposited was, I think and know was, $2,828.96, out of which was to be paid the sum of $1,999.02 — is the exact amount to come out of the sum deposited for the payment of the St. Louis indebtedness. The balance belongs and was to be drawn jointly by John Wackman and I. S. DeFord, which would be $829.94."

And the said bank alleges and proves that they paid out the money upon the order of the said justice of the peace in pursuance of said garnishee proceedings. Mr. Foster, cashier of the bank, was asked:

"Ques. You knew that there was a dispute between DeFord and Wackman as to the amount due each? Ans. Yes, as stated through that [meaning the stipulation].

"Q. You observe in this stipulation that this $829 was to be paid out only on their joint order? A. Yes.

"Q. You understood from that that you had no authority to pay to either of them on either name individually? A. Yes, sir.

"Q. If Wackman had presented a check or draft or receipt, you would not have paid it? A. No, sir.

"Q. If DeFord had presented a check or draft or receipt, you would not have paid it? A. No, sir.

"Q. As you understood this agreement between the parties, it was only to be paid on their joint order or receipt? A. Yes, sir.

"Q. For the purpose of protecting Mr. Harding? A. No; I didn't understand that it was for the purpose of protecting Mr. Harding. I understood Mr.

Harding wanted to get relieved from these bills or debts which he might be liable for.''

In the case of *Board of Education v. Scoville*, 13 Kas. 18–32, the supreme court says :

''*First.* Is an order of a judge *pro tem.* of the district court in a proceeding in aid of execution, under § 490 of the civil code, that a garnishee shall pay over to the judgment-creditors certain money which the garnishee owes to the judgment-debtor, a final determination of the liability of said garnishee to pay said money to said judgment-creditor? *Second.* Is an order of a justice of the peace in an attachment proceeding pending before him, under § 42 of the justices' act, that a garnishee shall pay into court certain money which the garnishee owes to the defendant in the action, a final determination of the right of the plaintiff in the action to said money? We must answer both of these questions in the negative. Neither of said orders is a judgment. The making of them is not an adjudication between the parties. It does not determine their ultimate rights. It simply gives to the creditor the same right to enforce the payment of the money from the garnishee that the debtor previously had. It is, in effect, only an assignment of the claim from the debtor to the creditor. The creditor gains no more or greater rights than the debtor had, and the garnishee loses no rights. And the payment of the money can be enforced from the garnishee to the creditor only by an ordinary action.'' (See, also, *Phelps v. A. T. & S. F. Rld. Co.*, 28 Kas. 165.)

The evidence in this case further shows that when the conditions contained in the stipulation are complied with, to wit, giving the joint check of DeFord and Wackman, the money would then pass from Harding and become the property of the firm of DeFord & Wackman, and therefore it was not subject to garnishment for the debts of Wackman. (*Trickett v. Moore*, 34 Kas. 755.) The attorneys for plaintiff in error con-

tend that "there is no testimony tending to show that either I. S. DeFord or John Wackman ever assigned to H. B. Harding their interest in said moneys, or that said Harding ever acquired an interest of DeFord & Wackman, or either of them, in said moneys or any part thereof. No order signed jointly by I. S. DeFord and John Wackman was ever presented to said Bank of LeRoy directing the payment of said money." The evidence in this case clearly shows that the money never became the money of I. S. DeFord and John Wackman, or either of them, for the reason that they never complied with the conditions set forth in the stipulation filed with the Bank of LeRoy, to wit, they never jointly signed an order or check for the money. This money was clearly a special deposit, deposited by said Harding for a specified purpose, and the said DeFord and Wackman had a right, within a reasonable time, to present a check signed jointly by them and obtain the money. Not having done so, and 16 months having elapsed after the same was deposited, said Harding and the said bank had a right to assume that they never would present the said check, and the said Harding, having been compelled to pay the same upon the suit of I. S. DeFord, certainly had a right to demand and receive the money from said bank.

Counsel for the plaintiff in error, in their brief, call our attention to the second ground of their motion for a new trial, to wit, error of law occurring at the trial, etc., and call our attention to the suggestions made under the fifth, sixth, and seventh assignments of error. Having already decided these assignments of error, it is not necessary to again do so. They also call our attention to the third ground of their motion for a new trial, which is newly-discovered evidence

material to defendant, which it could not with reasonable diligence have discovered and produced at the trial.   This plaintiff, in support of his motion for a new trial upon the third ground of said motion, introduced the affidavit of G. Wilkinson, the justice of the peace before whom the garnishee proceedings were had, that the said H. B. Harding was present during the examination of A. C. Thompson, the then acting cashier of said bank, and the said justice inquired if he had any interest in the funds then in the bank, to which Harding made answer that he had none, and, further than that, he wanted those St. Louis debts paid out of the money put in the bank ; and also, the affidavit of Frank Quiggle, who says that he heard the conversation between the justice and said Harding.   The court properly overruled the motion for a new trial upon this ground.   If the said Harding had been present at such garnishment proceedings and made the statements to the justice of the peace which he claims were made, it would not have given the bank any right or authority to pay out the money upon the garnishee proceedings, because said money did not belong to John Wackman, the defendant in the garnishee proceedings.

The ninth assignment of error is in giving judgment for said defendant in error.   For the reasons already stated in this opinion, this was not error, as it was the duty of the court to render judgment in favor of this defendant in error.

The judgment of the court below is affirmed.

COLE, J., concurring.

JOHNSON, P. J., not sitting in the case.