## SPAULDING MFG. CO. v. WITTER *et al.*

No. 5720.    Opinion Filed November 9, 1915.

(152 Pac. 1079.)

1. **JUSTICES OF THE PEACE—Appeal—Final Order—Garnishment.** An order of a justice of the peace directing a garnishee to pay money into court is not a final judgment from which an appeal will lie by the garnishee. It simply gives the creditor the same right to enforce the payment of the money that the debtor previously had.

2. **SAME—Appeal Bond—Liability.** And where a garnishee attempts to appeal from such an order, and executes an appeal bond for that purpose, and such attempted appeal is dismissed for the reason that said order is not an appealable one, **held,** in a suit upon such appeal bond, that the makers thereof are not liable thereon.

(Syllabus by Dudley, C.)

*Error from County Court, Coal County;*
*P. E. Wilhelm, Judge.*

Action by the Spaulding Manufacturing Company against C. M. Witter and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*G. T. Ralls* and *A. C. Lyon,* for plaintiff in error.

*Fooshee & Brunson,* for defendants in error.

Opinion by DUDLEY, C. The parties occupy the same position here that they did in the trial court, and for convenience we shall refer to them accordingly. On July 31, 1909, the plaintiff commenced this action in the justice court of Coalgate township, Coal county, before J. M. Wilson, justice of the peace therein, against the defendants, upon an appeal bond executed by them to it in an action in said court wherein the plaintiff was plaintiff, and A. V. Roff and Pearl Roff were defendants, and the

defendant herein, Witter, was garnishee. The defendants prevailed in the justice court. The plaintiff appealed to the county court of said county, where the cause was tried, resulting in a judgment for the defendants; the court holding that the bill of particulars did not state a cause of action. From this judgment, the plaintiff has appealed.

The facts necessary to be considered for a determination of the questions presented as disclosed by the bill of particulars, in substance, are: On September 21, 1908, the plaintiff commenced an action in the justice court of said township before the said J. M. Wilson, justice of the peace therein, against the said Roffs upon a promissory note. Garnishee summons was duly issued and served upon the defendant, Witter, as garnishee therein. He answered admitting that he was indebted to the Roffs, the defendants in said action, in the sum of $200. The plaintiff obtained a judgment against the Roffs for the amount due upon said note, and thereupon the justice made an order directing the garnishee, Witter, to pay said $200 into court. This he declined to do, and within ten days from the date of said order he executed an appeal bond with the defendants, Wooley and Thomas, as sureties, by which he attempted to appeal from said order and judgment to the district court. The bond is the usual statutory bond and was duly approved by the justice. Following this he transmitted all the papers in the case, including the bond, to the district court. Thereafter the appeal was dismissed on the motion of the plaintiff and the cause remanded to the justice court, from which an execution was issued in the original action against the defendants therein and returned no property found. Whereupon plaintiff commenced this action

against the defendants herein upon said appeal bond, which action resulted as before stated. A copy of the bond is attached to the bill of particulars. The only question presented is whether or not the bill of particulars states a cause of action. The trial court held that it did not, for the reason, among others, that the order directing the garnishee to pay the money into court was not a final judgment, and therefore no appeal would lie, and, hence, there was no liability upon said bond.

Either party to an action before a justice of the peace may appeal from a final judgment. Section 6386, Snyder's Comp. Laws 1909 (section 5465, Rev. Laws 1910). This being true, was the order of the justice directing the garnishee to pay the money into court a final judgment from which the garnishee might appeal? We think not. The sections of our statute in force at the time of the execution of this bond necessary to be considered in determining this question, are sections 6301 and 6302, Snyder's Comp. Laws 1909. These sections are as follows:

"Sec. 6301. Disposition of Property or Money.—If the garnishee appear and answer, and it is discovered on his examination that at or after the service of the order of attachment and notice upon him, he was possessed of any property of the defendant or was indebted to him, the justice may order the delivery of such property, and the payment of the amount owing by the garnishee into court, or may permit the garnishee to retain the property or the amount owing, upon the execution of an undertaking to the plaintiff, by one or more sufficient sureties, to the effect that the amount shall be paid or the property forthcoming, as the court may direct.

"Sec. 6302. Plaintiff Proceed Against Garnishee.—If the garnishee fails to appear and answer, or if he appears

and answers, and his disclosure is not satisfactory to the plaintiff, or if he fails to comply with the order of the justice to deliver the property and pay the money owing into court, or give the undertaking required in the preceding section, the plaintiff may proceed against him in an action, in his own name, as in other cases; and thereupon such proceedings may be had as in other actions, and judgment may be rendered in favor of the plaintiff for the amount of the property and credits of every kind, of the defendant in the possession of the garnishee, and for what shall appear to be owing by him to the defendant, and for the costs of the proceedings against the garnishee. If the plaintiff proceed against the garnishee by action, for the cause that his disclosure was unsatisfactory, unless it appears in the action that such disclosure was incomplete, the plaintiff shall pay the costs of such action. The judgment in this action may be enforced as judgments in other cases. When the claims of the plaintiffs in attachment are satisfied by the garnishee, he may, on motion, be substituted as the plaintiff in the judgment."

Our Code of Civil Procedure before justices of the peace, of which the two foregoing sections form a part, was adopted by the Territory of Oklahoma from the State of Kansas, and said sections are identical with sections 42 and 43, chapter 81, of Dassler's Comp. Laws of Kansas. Under the construction placed upon these two sections and other sections of the Kansas Code of Civil Procedure before justices of the peace by the Supreme Court of Kansas, prior to their adoption, an order made by a justice of the peace directing a garnishee to pay money into court is not a final judgment and determination. *Board of Education v. Scoville,* 13 Kan. 17; *Fitch v. Manhattan Fire Ins. Co.,* 23 Kan. 366; *Muse et al. v. Lehman,* 30 Kan. 514, 1 Pac. 804; *Mull & Son v. Jones,* 33 Kan. 112, 5 Pac. 388; *Mo. Pac. Ry. Co. v. Reid et al.,*

34 Kan. 410, 8 Pac. 846; *Bank of LeRoy v. Harding,* 1 Kan. App. 389, 41 Pac. 680; *Arthur v. Hale,* 6 Kan. 161; *Roll et al. v. Murray,* 35 Kan. 171, 10 Pac. 472.

Mr. Justice Valentine, speaking for the Supreme Court of Kansas in the case of *Board of Education v. Scoville, supra,* discussing the effect of an order made by a justice of the peace directing a garnishee to pay money into court, said:

"It does not determine their ultimate rights. It simply gives to the creditor the same right to enforce the payment of the money from the garnishee that the debtor previously had. It is in effect only an assignment of the claim from the debtor to the creditor. The creditor gains no more or greater rights than the debtor had, and the garnishee loses no rights. And the payment of the money can be enforced from the garnishee to the creditor only by an ordinary action."

The same construction has been placed upon the Kansas statute by the Supreme Court of that state since the adoption of the statute by the Territory of Oklahoma. *Madden v. Union Pac. R. Co.,* 89 Kan. 282, 131 Pac. 552, Ann. Cas. 1914B, 78. We therefore conclude that the order of the justice directing the garnishee to pay the money into court was not a final judgment from which the garnishee might appeal. Rood on Garnishment, c. 18, sec. 391; *Atlantic Ry. Co. et al. v. Hopkins,* 94 U. S. 11, 24 L. Ed. 48; *St. Louis, etc., Ry. Co. v. Richter,* 48 Ark. 349, 3 S. W. 56; *Giles v. Hicks,* 45 Ark. 271; *Rice v. Whitney,* 12 Ohio St. 358; *Conover v. Conover,* 17 N. J. Law, 187; *Board of Education v. Scoville, supra; Mull & Son v. Jones, supra; Mo. Pac. Ry. Co. v. Reid et al., supra; Bank of Le Roy v. Harding, supra.* Under section 6302 of our statute, *supra,* upon the failure of the gar-

nishee to comply with the order of the justice directing him to pay money into court, the only remedy available to the plaintiff is an independent action against the garnishee. The foregoing cases cited support this rule.

Having reached the conclusion that the said order is not a final judgment from which an appeal would lie, are the defendants in attempting to appeal from said order by giving said appeal bond liable thereon? We think not. The bond was a nullity, and the attempted appeal did not confer jurisdiction upon the appellate court. Neither was the plaintiff in the original action deprived of any rights by the attempted appeal, because it could have proceeded against the garnishee in an independent action to recover the amount of money owing the defendant as disclosed by his answer. There is no liability upon the bond, and the bill of particulars does not state a cause of action, and the trial court did not commit error in sustaining a general demurrer thereto.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.